## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

John Doe,

        Plaintiff,

        v.

The Ohio State University,

        Defendant.

Case No. 2:21-cv-4254

Judge Michael H. Watson

Magistrate Judge Deavers

### OPINION AND ORDER

In this case, an unnamed plaintiff ("Plaintiff") sues The Ohio State University ("Ohio State") based on sexual abuse he suffered at the hands of Dr. Strauss ("Strauss") while a student at Ohio State. Compl., ECF No. 1. He sues Ohio State under the following theories of Title IX liability: (1) hostile environment/heightened risk; and (2) deliberate indifference to reported sexual harassment. *Id.* ¶¶ 101–18. It appears Plaintiff bases each Title IX theory on both the abuse by Strauss and Ohio State's contemporaneous response—or lack thereof—when it learned about Strauss's abusive behavior. *Id.* Ohio State moves to dismiss all claims. Mot. Dismiss, ECF No. 9. Plaintiff responded, Resp. ECF No. 10, and Ohio State replied. Reply, ECF No. 11.

The Court **GRANTS** Ohio State's motion to dismiss for the reasons set forth in the Opinions and Orders issued in *Garrett* and *Ratliff*. Case Nos. 2:18-cv-692 and 2:19-cv-4746. The reasons requiring dismissal in those cases apply

equally to this case. *See, e.g.*, Compl. ¶¶ 11–15, 43, 46–63, ECF No. 1. However, the Court will also address a few additional arguments included in Plaintiff's response.

As a preliminary matter, Plaintiff's reference to the "beyond doubt" or "no set of facts" standard is misplaced. The "beyond doubt" standard has not been the applicable standard for a Rule 12(b)(6) motion since the Supreme Court of the United States' decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). Thus, any reliance on that standard is without merit.

Turning to the substance of Plaintiff's arguments, he argues that he is asserting a "heightened risk" claim under Title IX and that such a claim is not barred by the statute of limitations. As the Court explained in *Garrett*, and as Plaintiff here acknowledges in his response, there are no Sixth Circuit cases which recognize such a theory. Opinion & Order, 22, ECF No. 197, Case No. 2:18-cv-692 ("*Garrett*"). True, there are several district courts which recognize the possibility of such a theory. However, even if this Court were to recognize such a theory here, Plaintiff's claims would be barred by the statute of limitations because, at the time of his abuse, he knew that Strauss was employed by Ohio State and, therefore, had reason to at least investigate whether Ohio State had prior knowledge of complaints against Strauss. See *Garrett* at 22–24.

Next, Plaintiff argues that his claim did not accrue until at least 2018 when the Perkins Coie report was released. *See, e.g.*, Resp. 12, ECF No. 10. Plaintiff argues that, unlike the plaintiffs in *Garrett*, *Ratliff*, and the other related Ohio State cases, he was not aware of any other allegations of sexual abuse by Strauss. *Id.* at 16. To the contrary, he asserts that all of his teammates denied having inappropriate experiences with Strauss. *Id.* So, Plaintiff reasons, because the Court based the *Garrett* decision on the fact that those Plaintiff's knew about Strauss's behavior through an "open secret," and because Plaintiff did not allege such an "open secret" phenomenon here, *Garrett* does not apply and, by extension, Plaintiff's claims are not barred by the statute of limitations. *Id.* at 15–17. In other words, Plaintiff argues that the mere knowledge that Strauss was employed by Ohio State was insufficient to put him on notice that he knew or should have known that Ohio State's deliberate indifference was the cause of his injury. *Id.*

Plaintiff bases this argument on a mischaracterization of *Garrett*'s reasoning. True, the Court did note that Strauss's abuse was an "open secret" and "widely known." *Garrett*, 9, n.8, 23. However, it did so in lines of alternative reasoning. The Court had already explained as follows that even under the discovery rule (as opposed to the stricter "occurrence rule"), the plaintiffs' deliberate indifference claims were barred as untimely:

> Plaintiffs were abused from the 1970s–1990s. Compl. ¶¶ 35–132, ECF No. 1. So, even if the Court applied the discovery rule and found the claims accrued when Plaintiffs knew or should have known of their

abuse, the claims accrued on the latest date of abuse for each Plaintiff, which occurred well before two years prior to the filing of the Complaint. Similarly, if the Court applied the discovery rule and considered the injury to be Plaintiff's deprivation of the educational opportunities or benefits of Ohio State, Plaintiffs knew or should have known of those injuries by the time they graduated or dropped out of Ohio State. Either way, Plaintiffs' Title IX claims are barred by the statute of limitations, even under the discovery rule.

*Garrett* at 15–16. Similarly, for the *Garrett* plaintiff's hostile environment claims, the Court explained that "the statute of limitations analysis for Plaintiffs' post-assault deliberate indifference claim applies with equal force to any separately asserted hostile-environment theory of liability because Plaintiffs were certainly aware by the time they graduated that their educational experiences were permeated by a sexually hostile environment." *Id.* at 22.

Here, the analysis is the same. Plaintiff attended Ohio State from 1985 through 1990. *See* Compl ¶ 7, ECF No. 1. Plaintiff states in his Complaint that immediately following the assault, he knew that Strauss's actions were sexual abuse and that Strauss was employed by Ohio State. *See, e.g., id.* ¶¶ 44, 53. So here, as in *Garrett*, Plaintiff knew or should have known about his injury either at the time he was abused or at the time he left Ohio State. As explained in the other Opinions and Orders, under the discovery rule, knowledge of his assault and the perpetrator's employment by Ohio State was sufficient to put Plaintiff on

notice to investigate any deliberate indifference by Ohio State. Thus, Plaintiff's claims accrued, at the latest, in 1990.[1]

As previously stated in other opinions, the Court has great sympathy for all of Strauss's victims. It again observes, that at all times since the news of Strauss' behavior was released, the Ohio legislature had the power, but not the collective will, to change the statute of limitations to allow the victims to pursue their claims. Notwithstanding the Court's ruling on the statute of limitations issue and fact that Ohio State's voluntary settlement program has closed, Ohio State is encouraged to stand by its promise to "do the right thing" by Plaintiff.

The Clerk is **DIRECTED** to enter judgment for Ohio State and close the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Even if the Court were to disregard all of this reasoning, Plaintiff's arguments contain another flaw. As mentioned above, Plaintiff insists that he did not know about his injury until the release of the Perkins Coie investigation in May 2019. *See, e.g.,* Resp. 12, ECF No. 10. Even if the Court were to accept that as true, that would mean that Plaintiff's claim also accrued in May 2019 and, as a result, that his statute of limitations expired, at the latest, in May 2021. Plaintiff's Complaint, however, was not filed until August 2021, making it three months too late, even by Plaintiff's proposed accrual date.